UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22996-GAYLES

EUGENIO TAVARES DOS SANTOS,

      Petitioner,

v.

MICHAEL W. MEADE, in his official
capacity as Field Office Director for the
ICE Miami Office of Enforcement &
Removal Operations,
GARRETT RIPA, in his official capacity
as Acting Field Office Director of the ICE
Miami Field Office, Miami, Florida,
MATTHEW T. ALBENCE, in his official
capacity as Senior Official Performing
Duties of the Director of the United States
Immigration and Customs Enforcement, and
CHAD F. WOLF, in his official capacity
as Acting Secretary of the United States
Department of Homeland Security,

      Respondents.

_____/

**ORDER**

**THIS CAUSE** comes before the Court on Petitioner Eugenio Tavares Dos Santos's

Emergency Verified Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1]. The Petition

seeks relief from Respondents Michael W. Meade, the Field Office Director for the ICE Miami

Office of Enforcement & Removal Operations, Garrett Ripa, the Acting Field Office Director of

the ICE Miami Field Office, Matthew T. Albence, the Senior Official Performing the Duties of the

Director of United States Immigration and Customs Enforcement, and Chad F. Wolf, the Acting

Secretary of the United States Department of Homeland Security, from his current immigration

detention. Petitioner argues that his current detention is unlawful as he was released several years ago on a bond issued by an Immigration Judge. Petitioner also argues that his medical conditions put him at a high risk of contracting COVID-19 and, therefore, justify his release from custody. The Court has reviewed the Petition and the record, heard oral arguments from the parties, and is otherwise fully advised. For the reasons that follow, the Petition is denied.

## BACKGROUND

**I.    Petitioner's Immigration Status in the United States**

The facts here are largely undisputed. Petitioner Eugenio Tavares Dos Santos is a native and citizen of Brazil who currently resides in the United States. Petitioner originally entered the United States in 2003 through a temporary L-1 nonimmigrant visa that he obtained through his employer, Brazil Quality Stones, in order to serve as its Chief Executive Officer. His wife[1] and son also entered the United States through temporary L-2 nonimmigrant derivative visas. Brazil Quality Stones later attempted to extend Petitioner's L-1 visa, but the United States Citizenship and Immigration Services ("USCIS") denied the application after determining Petitioner's position with Brazil Quality Stones was not managerial in nature. Brazil Quality Stones unsuccessfully appealed that decision. During the pendency of the appeal, another I-140 employment-based visa petition was filed on Petitioner's behalf. Petitioner and his family also filed I-485 petitions to change their immigration status to lawful permanent residents of the United States. USCIS denied the I-140 and I-485 petitions.

On March 5, 2008, the Department of Homeland Security ("DHS") issued Notices to Appear to Petitioner and his wife, alleging that they were removable from the United States for overstaying their L-nonimmigrant visas. In late 2012, the United States Immigration and Customs

---

[1] Petitioner's wife, Mary Peixoto Dos Santos, passed away on February 13, 2019. [ECF No. 1-11].

Enforcement ("ICE") detained Petitioner and his wife due to convictions issued *in absentia* against them in Brazil.[2] ICE did not allege that the *in absentia* convictions qualified as aggravated felonies under immigration law, which would have subjected Petitioner and his wife to mandatory detention under 8 U.S.C. § 1226(c). Following a bond hearing, the Immigration Judge released Petitioner on a $60,000 bond after determining that mandatory detention was unwarranted. The Immigration Judge noted that "[a]s of the date of the bond hearing, the *in absentia* conviction was on appeal. Under the laws of Brazil, there is no conviction until a direct appeal has been decided." [ECF No. 1-7 at 2]. ICE did not appeal the bond determination, which became final on September 4, 2013. Following a January 2, 2018, hearing, an Immigration Judge denied Petitioner's adjustment of status application. Petitioner appealed the decision, which remains pending before the Board of Immigration Appeals ("BIA").

## II.    The Brazilian *In Absentia* Conviction

During his immigration proceedings, Petitioner also appealed his Brazilian conviction. On September 29, 2017, the Superior Court of Justice in Brazil affirmed Petitioner's *in absentia* conviction. On April 27, 2018, the Supreme Federal Court of Brazil—the highest judicial court in Brazil—denied Petitioner's appeal of the conviction. On September 6, 2018, an arrest warrant was issued in Brazil for Petitioner as a result of the conviction. On November 22, 2019, the Superior Court of Justice in Brazil denied Petitioner's writ of habeas corpus.

## III.    Procedural History

On July 13, 2020, ICE detained Petitioner again, relying on the finality of the *in absentia* conviction as a material change in circumstances justifying his detention. Petitioner is currently

---

[2] Petitioner and his wife were convicted *in absentia* for soliciting murder based on a fatal shooting that occurred in Brazil on February 5, 1991. They were sentenced *in absentia* to 14-year terms of imprisonment. [ECF No. 25-3]; [ECF No. 35-1].

3

detained at Krome Service Processing Center ("Krome") in Miami, Florida. On July 21, 2020, Petitioner filed his two-count Petition against Respondents for (1) unlawful detention in violation of the Due Process Clause of the Fifth Amendment (Count I) and (2) violation of the Administrative Procedure Act (Count II). On August 3, 2020, Respondents filed their Return to the Petition, [ECF No. 25], and on August 14, 2020, Petitioner filed his Traverse, [ECF No. 35]. On September 23, 2020, the Court heard oral arguments from the parties on the Petition. Subsequently, Petitioner sought a redetermination of his custody status before an Immigration Judge at Krome, [ECF No. 39 at 1], and the Immigration Judge denied his request on October 14, 2020, [ECF No. 41-1]. The Immigration Judge determined that while "the conviction's finality does not constitute a change material to Petitioner's dangerousness . . . Petitioner's final conviction, combined with the fact that Petitioner's removal proceedings are now on appeal with the [BIA], makes him a flight risk, and that no bond is sufficient to ensure his continued presence in removal proceedings."[3] [ECF No. 39 at 1]; *see also* [ECF No. 41 at 1].

## LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a). However, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody under or by color of the authority of the United States . . . or . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." *Id.* at § 2241(c)(1), (3). "Habeas is at its core a remedy for unlawful executive detention . . . ." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1970–71 (2020) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for such detention is, of course, release." (citation omitted))). "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims

---

[3] Although the parties disagree as to the effect of the Immigration Judge's ruling at the redetermination hearing, the parties agree as to the substance of the decision. *Compare* [ECF No. 39 at 1], *with* [ECF No. 41 at 1].

challenging the conditions of confinement fall outside of habeas corpus law." *Matos v. Lopez Vega*, --- F. Supp. 3d ---, No. 20-CIV-60784, 2020 WL 2298775, at *5 (S.D. Fla. May 6, 2020) (quoting *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015)); *see also Harris v. Cheatam*, No. 18-CIV-61734, 2018 WL 8787786, at *2 (S.D. Fla. Aug. 3, 2018), *report and recommendation adopted*, No. 18-CIV-61734, ECF No. 14 (S.D. Fla. Aug. 30, 2018) ("A writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is appropriate when a petitioner is challenging the execution of his sentence, rather than the validity of the underlying conviction." (citation omitted)).

## ANALYSIS

Petitioner challenges the legality of his detention and maintains that his *in absentia* conviction does not qualify as a material change in circumstances warranting detention. Petitioner also alleges that Respondents violated his Fifth Amendment due process rights by unlawfully detaining him without notice and proof of a material change in circumstances. Petitioner essentially asks the Court to make a merits determination as to whether the *in absentia* conviction qualifies as a material change in circumstances warranting his detention. However, the Court is without jurisdiction to make such a determination.

If a warrant is issued by the Attorney General,[4] "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody . . . [upon a] Warrant of Arrest [issuing]." 8 C.F.R. § 1236.1(b)(1). The Attorney General may then

---

[4] While the statutory framework references the Attorney General, "Congress has delegated the authority to administer and enforce immigration and naturalization laws to both the Secretary of [the Department of] Homeland Security and the Attorney General." *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1267 n.7 (11th Cir. 2020) (citing 8 U.S.C. § 1103; *see also* 8 U.S.C. § 1103(a)(1) ("The Secretary of Homeland Security shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the . . . Attorney General . . . .").

either (1) continue to detain the arrested alien or (2) release the alien on a bond of at least $1,500 or conditional parole. 8 U.S.C. § 1226(a)(1)–(2). If a bond issues, "[t]he Attorney General at any time may revoke a bond or parole . . . , rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b).

Because the Attorney General's actions here are discretionary, they are not subject to review. *See United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (concluding that the district court lacked authority to review or overturn the immigration judge's decision regarding detention or release). "No court may set aside any action or decision by the Attorney General . . . regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Similarly, "[n]otwithstanding any other provision of law . . . , including [a habeas petition under] section 2241 of Title 28, . . . no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii); *see also id.* at § 1252(g) (stripping courts of jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

Neither party contends that Petitioner's detention was mandatory under 8 U.S.C. § 1226(c); rather, the parties agree that Petitioner's detention was discretionary under 8 U.S.C. § 1226(a). Because Petitioner was detained through the Attorney General's discretionary authority, *see* 8 U.S.C. § 1226(a), the Court is without jurisdiction to consider the Petition. While Petitioner frames his claims as constitutional violations, "the facts and substance of the claims alleged, not the jurisdictional labels attached, [] ultimately determine whether a court can hear a claim." *DeRoy v.*

6

*Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citations omitted). The Court must therefore "look beyond the labels to the underlying facts of the complaint to evaluate jurisdiction." *Id.* at 1310.

Here, the underlying facts of the Petition clearly demonstrate that ICE detained Petitioner a second time based on its determination that (1) Petitioner's *in absentia* conviction became final after Petitioner's original bond determination, and (2) the finality of Petitioner's *in absentia* conviction constituted a change in circumstances such that Petitioner might flee. Therefore, Petitioner's claims stem directly from the Attorney General's discretionary authority to "at any time . . . revoke a bond . . . , rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b); *see also Bermudez v. Stulz*, No. 1:19-cv-25213, 2020 WL 4429252, at *3 (S.D. Fla. July 31, 2020) ("The underlying facts of the Amended Complaint in this case clearly demonstrate that Plaintiff challenges USCIS' discretionary denial of his Application, which . . . the Court lacks jurisdiction to entertain."). And, while Petitioner couches his claims as a habeas petition, "[a] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (citations omitted). As the Court is without jurisdiction, the Petition must be denied.

## CONCLUSION

While the Court is cognizant of Petitioner's current circumstances, the Court is without jurisdiction to consider the Petition and the underlying arguments. Were the Court to do so, it would necessarily go beyond the jurisdictional limits imposed by statute. The Court cannot and will not do so. The Petition is therefore denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Eugenio Tavares Dos Santos's Emergency Verified Petition for Writ of Habeas Corpus, [ECF No. 1], is **DENIED**.

2. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of November, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE